**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LORI SERRANO | Crim. Action No. 09-913 (JLL)<br><br>**OPINION AND ORDER** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant Lori Serrano's ("Defendant")'s motion for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). For the reasons set forth below, Defendant's motion is denied.

## I.    BACKGROUND

Because the Court writes only for the parties, an awareness of the underlying facts of this case is assumed, and only facts specifically relevant to the instant motion are set forth below.

On December 1, 2011, the Government filed a Second Superseding Indictment charging Defendant with mail fraud in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2. On March 19, 2012, Defendant filed a motion to dismiss the indictment. The Court denied this motion on September 18, 2012. On September 24, 2012, Defendant filed the instant motion for a bill of particulars, which seeks to compel the Government to produce the following:

> 1.    All documents relevant to the USA's prosecution of the mail fraud count.
>
> 2.    Copies of all notes, text messages, memoranda, reports, etc. in which the defendant was identified as a target.

1

3.      Copies of all text messages received by [Solomon] Dwek prior to and during the two alleged monetary transactions between Dwek and Serrano.

4.      Copies of the plea bargains entered into by Dwek and Edward Cheatham (sic).

5.      A list of all potential witnesses who may be called by the Government.

6.      An accounting of all monies received by Dwek for his personal use from the office for the U.S. Attorney.

7.      Any and all memorandum (sic), notes, correspondence e-mails between U.S. Attorney Chris Christie, the Chief Investigator assigned to operation Bid Rigging III, and any other members of the USA's Office involving (sic) in the coordination and planning of the aforesaid operation.

8.      All agreements made with Solomon Dwek, and any statements made by him to investigators for the USA.

9.      Any transcripts in the Government's possession in which Dwek testified to (sic) in Court.

10.     All statements made by Edward Cheatham (sic) implicating Laurie (sic) Serrano.

11.     Statements made by any other persons implicating Ms. Serrno (sic), whether the USA plans to call them as a witness or not.

12.     All documents relative (sic) to the planning and implementation of operation Bid Rigging III.

13.     Election report form or forms signed by Lori Serrano.[1]

(CM/ECF No. 42.)

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 7(c)(1), an indictment must provide "a plain, concise and definite written statement of the essential facts constituting the offense charged." When an indictment fails to comply with Fed. R. Crim. P. 7(c)(1), a bill of particulars

---

[1] Based on the Government's representation that the Election form has already been made available to Defendant, Request 13 is denied as moot.

may be granted "to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *See United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971) (quoting *United States v. Tucker*, 262 F. Supp. 305, 308 (S.D.N.Y.1966)). A bill of particulars is not intended to authorize the "wholesale discovery of the Government's evidence" or to disclose "the fruits of the Government's investigation." *See United States v. Giampa*, 904 F. Supp. 235, 279 (D.N.J. 1995) (quoting *United States v. Eufrasio*, 935 F.2d 553, 575 (3d Cir. 1991)). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to conduct his *own* investigation. *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (emphasis in original).

## III.   ANALYSIS

The information sought by Defendant falls into the following three categories: (1) information the Government may have to disclose pursuant to the Jencks Act, 18 U.S.C. § 3500 et seq.; (2) information the Government may have to disclose pursuant to the Supreme Court's holding in *Giglio v. United States*, 405 U.S. 150 (1972); and (3) information concerning the Government's investigation of Defendant. The requests falling into the first two categories are denied as moot, as the Government has indicated that it is aware of and will comply with its obligations under both the Jencks Act and *Giglio*. (CM/ECF No. 46 at 7.) The requests falling into the third category are also denied, as they seek information beyond the scope of a bill of particulars and are unnecessary to place Defendant on notice of the charges against her.

### A. Jencks Act Material

The Jencks Act sets forth that "in any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government

3

witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500 (a).  A statement is defined as "a written statement made by said witness and signed or otherwise adopted or approved by him; a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury." 18 U.S.C. § 3500 (e)(1)-(3).  Although the Government does not have an obligation to disclose Jencks Act material before the conclusion of direct examination, courts may encourage "early disclosure to obviate trial interruptions." *See, e.g., United States v. Bissell*, 954 F. Supp. 841, 871 (D.N.J. 1996) (citing *United States v. Hill*, 976 F.2d 132, 140 (3d Cir. 1992)).

Under the Jencks Act, the Government will have an obligation to disclose statements made by Solomon Dwek (i.e., the information sought in Requests 8 and 9) and statements made by Edward Cheatam (i.e., information sought in Request 10) should it call either of these individuals as witnesses against Defendant.  Although the Government's obligation to produce the information sought in Requests 8, 9, and 10 does not attach until "the conclusion of direct examination at trial," the Court urges the Government to comply with all its obligations under the Jencks Act well in advance of witness testimony to avoid any delays during trial.

### B. Giglio Material

In *Giglio v. United States*, 405 U.S. 150 (1972), the Supreme Court imposed upon prosecutors the obligation to disclose information relevant to the credibility of prosecution witnesses.  *See also Buehl v. Vaughn*, 166 F.3d 163, 181 (3d Cir. 1999) (noting that *Giglio*

4

requires the prosecution to "disclose evidence that goes to the credibility of crucial prosecution witnesses").

The information sought in the following requests falls within the scope of *Giglio* material:

> 3.  Copies of all text messages received by Dwek prior to and during the two alleged monetary transactions between Dwek and Serrano.
>
> 4.  Copies of the plea bargains entered into by Dwek and Edward Cheatam.
>
> 6.  An accounting of all monies received by Dwek for his personal use from the office for the U.S. Attorney.
>
> 8.  All agreements made with Solomon Dwek and any statements made by him to investigators for the U.S.A.

(CM/ECF No. 42)

To the extent the Government chooses to call Dwek and Cheatam as witnesses, it will have an obligation to produce the information requested in Requests 3, 4, 6 and 8 pursuant to *Giglio*. The Court admonishes the Government that any such *Giglio* material should be produced to Defendant in a timely manner so as to avoid any delays at trial.

### C. Information Concerning the Government's Investigation

The Federal Rules of Criminal Procedure "do not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16 (a)(2). A bill of particulars is intended merely to provide sufficient information so that a defendant can properly prepare his or her defense. *See, e.g., United States v. Smith*, 776 F.2d at 1111 (3d Cir. 1985).

The following requests are overly broad as they represent an attempt to obtain impermissible discovery under the guise of a motion for a bill of particulars:

1.    All documents relevant to the U.S.A.'s prosecution of mail fraud.

2.    Copies of all notes, text messages, memoranda, reports etc. in which the defendant was identified as a target.

5.    A list of all potential witnesses who may be called by the government.

7.    Any and all memoranda, notes, correspondence e-mails between U.S. Attorney Chris Christie, the Chief Investigator assigned to operation Bid Rigging III, and any other members of the USA's Office involving the coordination and planning of the aforesaid operation.

11.   Statements made by any other persons implicating Serrano, whether the USA plans to call them as a witness or not.

12.   All documents relevant to the planning and implementation of Operation Bid Rigging III.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion for a bill of particulars is denied in its entirety. Requests 1, 2, 5, 7, 11 and 12 are overly broad. Requests 3, 4, 6, 8, 9 and 10 seek either Jencks or *Giglio* material. The Government has represented to this Court that it is aware of, and will comply with its Jencks and *Giglio* obligations. Therefore, Defendant's requests for Jencks and *Giglio* material are denied as moot. Similarly, Request 13 is denied as moot because the Government has represented to the Court that the information sought in this request has been disclosed. Accordingly, for these reasons

**IT IS**, on this _____ day of December 2012,

**ORDERED** that Defendant's motion for a bill of particulars (CM/ECF No. 42) is denied in its entirety.

**SO ORDERED.**

José L. Linares
United States District Judge

6